UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| JAROD HANSON, | ) |
| | ) |
| PLAINTIFF, | ) |
| | )   CASE NO. |
| v. | ) |
| | ) |
| SHERIFF DAVID GLADIEUX | ) |
| and JOHN/JANE DOES, | ) |
| | ) |
| DEFENDANT. | ) |

## COMPLAINT

Plaintiff alleges against Defendants that:

1. The Plaintiff is Jarod Hanson, a resident of Allen County Jail at all material times to this Complaint.

2. Defendants include John/Jane Does who are medical and correctional personnel at the Allen County Jail. These Defendants, and each of them, are named in their individual capacity pursuant to 42 U.S.C. § 1983, and at all material times to this Complaint, were acting within the scope of their employment and under color of law when they denied Plaintiff adequate medical care during his incarceration at the Allen County Jail, subjecting Plaintiff to cruel and unusual punishment in violation of his federally protected rights under the Eighth Amendment of the United States Constitution and 42 U.S.C. § 1983.

3. Additionally named as a Defendant is Sheriff David Gladieux in both his representative capacity and official capacity. At all material times to this Complaint, Sheriff Gladieux was the policy maker and employer of the individually-named medical personnel and/or correctional personnel who were responsible for providing the Plaintiff medical care, monitoring, and services during Plaintiff's stay at the Allen County Jail. Sheriff David

Gladieux is liable for the reckless, intentional, and deliberately indifferent acts and omissions of his employees, who denied the Plaintiff reasonable medical care at all material times to this Complaint. Sheriff Gladieux is named under the doctrine of *respondeat superior*. He is also sued in his official capacity under 42 USC §1983 for having an unconstitutional policy, custom, practice and procedure with respect to withholding prescription medications for serious health conditions in violation of the Eight and Fourteenth Amendments of the United States Constitution.

4. Plaintiff issued a Tort Claim Notice on March 3, 2015, a copy of which is attached hereto, incorporated herein and made a part hereof as Exhibit "A". All administrative remedies have been exhausted and all jurisdictional prerequisites have been met for the filing of his lawsuit.

5. By way of background: Plaintiff suffered from an ongoing and serious medical conditions for which his doctor prescribed him Xanax.

6. Plaintiff turned himself in to the Allen County Jail on or about November 12, 2015. Upon his arrival, Plaintiff still suffered from a serious medical condition which required treatment with Xanax as prescribed by his doctor. Plaintiff notified the jail staff of his need for Xanax and presented his prescription.

7. The medical and correctional staff at the Allen County Jail informed the Plaintiff that they would have to "check" Plaintiff's prescription.

8. The Defendants then put the Plaintiff in a suicide room. While Plaintiff was incarcerated at the Allen County Jail, he was never given Xanax, even though his doctor both called and faxed to confirm the validity of the prescription.

9. After spending approximately a week in the Allen County Jail, Plaintiff was released. Plaintiff, ironically, was given his Xanax prescription on the day of his release pursuant to the prescription that his doctor had verified the week earlier.

10. Plaintiff was deprived of necessary medication for a serious medical condition pursuant to the Sheriff's policy, custom, and practice. The individually named Defendants, and each of them, minimized and/or dismissed Plaintiff's complaints about his medical conditions while denying him adequate medical care for his serious condition including pain.

11. Plaintiff suffered physical pain, mental anguish, emotional distress, and withdrawal symptoms as a result of being abruptly cut off from Xanax.

12. Plaintiff contends that the individually-named Defendants, and the Sheriff in accordance with his unconstitutional policy, custom, and practice, and each of them, denied him adequate medical care for his serious medical conditions in violation of his federally protected right to be free from cruel and unusual punishment under the Eighth Amendment of the United States Constitution and 42 U.S.C. § 1983. The denial of adequate medical care by the individually-named Defendants, and each of them, was the direct and proximate cause of Plaintiff suffering physical injury, pain, impairment, mental anguish, emotional distress, and other damages and injuries, including withdrawal symptoms.

13. Plaintiff also contends that the denial of adequate medical care was directly caused by the Sheriff's unconstitutional policies, customs, practice, and procedures of withholding prescription medication for serious health conditions, entitling Plaintiff to an award of compensatory damages under 42 USC § 1983.

14. The complained-of acts and/or omissions of the individually-named Defendants, and each

of them, was intentional, willful, wanton, and in reckless disregard of Plaintiff's federally protected rights under the Eighth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983, justifying an imposition of punitive damages as against the individual John/Jane Doe defendants.

WHEREFORE, Plaintiff prays for judgment against the Defendants, and each of them, for compensatory damages, punitive damages as against the individually named Defendants, attorney's fees and costs and for all other just and proper relief in the premises.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury in this action.

Respectfully submitted,

**CHRISTOPHER C. MYERS & ASSOCIATES**

/s/Christopher C. Myers
Christopher C. Myers, #10043-02
809 South Calhoun Street, Suite 400
Fort Wayne, IN 46802
Telephone:  (260) 424-0600
Facsimile:   (260) 424-0712
Attorney for Plaintiff

4