**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | |
|---|---|
| **JAROD HANSON,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | )     **Case No. 1:16-cv-00201-JTM-SLC** |
| | ) |
| **DAVID GLADIEUX, Sheriff,** *et al.*, | ) |
| | ) |
| **Defendants.** | ) |

## OPINION AND ORDER

Before the Court in this 42 U.S.C. § 1983 case advancing Eighth and Fourteenth

Amendment claims is Plaintiff Jarod Hanson's Motion to For Leave to File Second Amended

Complaint (DE 58) filed on September 7, 2017, seeking to add as a defendant Professional Jail

Medical Care LLC.  Plaintiff represents that Defendants Sheriff David Gladieux, Jennifer

Barrientes, Amy Wilson, Regina Adams, Nancy Stevely, and Dawn Farrell do not object to the

motion.  (DE 58 ¶ e).  However, Defendant Dr. Anthony Dennis does object to the motion, and

argues that Plaintiff has not established excusable neglect as required to amend a pleading after a

scheduling deadline.  (DE 58 ¶ e; DE 59).  Plaintiff has now filed a reply brief (DE 60), and thus,

the matter is ripe for ruling.  Because the Court finds that Plaintiff's untimeliness constitutes

excusable neglect, the motion to amend will be GRANTED.

Federal Rule of Civil Procedure 6(b) provides:  "When an act may or must be done

within a specified time, the court may, for good cause, extend the time . . . on motion made after

the time has expired if the party failed to act because of excusable neglect."  Excusable neglect is

a somewhat "elastic concept," *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S.

380, 391 (1993), demanding an equitable determination that can "encompass situations in which

the failure to comply with a filing deadline is attributable to negligence," *Robb v. Norfolk & W. Ry. Co.*, 122 F.3d 354, 355-56 (7th Cir. 1997) (emphasis omitted) (quoting *Pioneer*, 507 U.S. at 394). In doing so, the Court takes "account of all relevant circumstances surrounding the party's omission," including "the danger of prejudice to the [nonmoving party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Commodity Futures Trading Comm'n v. Lake Shore Asset Mgmt. Ltd.*, 646 F.3d 401, 404-05 (7th Cir. 2011) (quoting *Pioneer*, 507 U.S. at 395); *see also Raymond v. Ameritech Corp.*, 442 F.3d 600, 606 (7th Cir. 2006).

Plaintiff explains that he inadvertently missed the deadline because of a misunderstanding between Plaintiff's staff and Plaintiff's counsel as to whether Plaintiff would amend the first amended complaint following the receipt of Defendants' initial discovery responses. (DE 58 ¶ d; DE 60 at 4-5). "[A]ttorney carelessness can constitute 'excusable neglect.'" *Easley v. Kirmsee*, 382 F.3d 693, 698 (7th Cir. 2004). While Plaintiff's counsel's missing the deadline was careless, the neglect is excusable. *See, e.g.*, *Castillo v. Nurnberg*, No. 3:12-cv-525, 2014 WL 1607386, at *2 (N.D. Ind. Apr. 21, 2014) (finding excusable neglect where delay was attributable, in part, to an inadvertent calendaring error, the attorney rectified the error within 10 days of discovery, and there was no significant danger of prejudice to the defendant); *Saul v. Prince Mfg. Corp.*, No. 1:12-cv-270, 2013 WL 228716, at *2 (N.D. Ind. Jan. 22, 2013) (finding excusable neglect for missing deadline due to counsel's failure to place it on the calendar); *Ruiz v. Carmeuse Lime, Inc.*, No. 2:10-cv-21, 2011 WL 3290376, at *1 (N.D. Ind. July 14, 2011) (finding excusable neglect for missing a response deadline due to an inadvertent

calendaring error).

Here, the length of delay is minimal as the motion for leave to amend was filed just seven days after the deadline. *See Ruiz*, 2011 WL 3290376, at *2 (stating that the danger of prejudice was minimal when the response was filed seventeen days after it was originally due). Further, there is no indication that Plaintiff's counsel acted in bad faith. *See Edwards-Brown v. Crete-Monee 201-U Sch. Dist.*, 491 F. App'x 744, 747 (7th Cir. 2012) ("Excusable neglect . . . covers unintentional omissions, such as missed filing deadlines; it does not apply to plaintiff's *deliberate* actions."); *Castillo*, 2014 WL 1607386, at *2 (finding excusable neglect where there was no suggestion of bad faith on the part of the attorney). In addition, granting Plaintiff's motion is in the interests of judicial economy. The statute of limitations in this matter does not run until November 2017 (DE 58 ¶ c), and the addition of Professional Jail Medical Care LLC, as a defendant will obviate the need for Plaintiff to file a separate suit (*see* DE 60 at 4). Thus, denying the motion would serve only to frustrate the parties and the Court, as Plaintiff would simply file another case.

Accordingly, the Court finds that Plaintiff's missed deadline was the result of excusable neglect. Because Plaintiff's motion to amend was otherwise unopposed, and because the Court should freely give leave when justice so requires, Fed. R. Civ. P. 15(a)(2), the motion to amend (DE 58) is GRANTED. The Clerk is DIRECTED to show Plaintiff's Second Amended Complaint (DE 58-1) as filed.

SO ORDERED.

Entered this 2nd day of October 2017.

/s/ Susan Collins
Susan Collins

3

United States Magistrate Judge